FLOYD H. BRADLEY, RECEIVER, APPELLANT, v. D. E. CLEARY COMPANY, RESPONDENT.

Submitted March 23, 1914—Decided June 15, 1914.

Under the conditions existing at the trial of this case (recited in the within opinion), the trial judge properly refused to order a mistrial; the granting of such order rested in his discretion, and his refusal was not assignable for error.

On appeal from the Hudson County Circuit Court.

For the appellant, *Roe, Runyon & Autenreith.*

For the appellee, *Harry B. Brockhurst.*

The opinion of the court was delivered by

VREDENBURGH, J. This was an action to recover damages for personal injuries received by the plaintiff from being struck by defendant's automobile in a public street of Jersey City, New Jersey, on January 6th, 1913.

The plaintiff had judgment at the Circuit, and defendant seeks its reversal because the trial court refused to order a mistrial under conditions which it becomes necessary to advert to for the proper understanding of the points presented by the ground of appeal.

The fourth and fifth grounds of appeal are not argued by counsel for appellant in their brief and may be regarded as having been abandoned. *Manda* v. *U. S. Express Co.,* 85 *N. J. L.* 720.

The other grounds of appeal will be considered collectively, since they all relate to but a single point to the effect that the appellant's rights had been prejudiced before the jury because the plaintiff had illegally and improperly injected into the evidence, as if it had been proved, the fact that defendant had been insured against loss from accident.

A brief recital of the material evidence and of the trial proceedings sufficient to exhibit the course of the trial will make it apparent that this position of the appellant is not supported by any reasonable construction of the evidence.

Michael Bradley, the plaintiff's son, who was called as a witness for plaintiff, upon his cross-examination, was asked by defendant's counsel, as follows: "*Q.* You have even refused to allow a physician to examine your father to see how badly he was hurt?" "*A.* I did." At this point the witness was interrupted by the defendant's counsel before he had finished his answer, and, at the request of the court, the question and answer was repeated. The witness replied, "I didn't answer that." To which the court answered, "You did, you said 'I did.'"

Unfortunately, the witness had no opportunity to complete his answer to the original question until after the court had ruled upon the question next following (put to him by the plaintiff's counsel), viz.: "*Q.* At the time you say you re-

fused to allow a physician to examine your father, wasn't it the insurance physician you refused to allow to examine your father?"

Whatever may have been the undisclosed purpose of this question, it was objected to by the defendant, and was promptly stricken out of the testimony by the court. It was after the court had thus ordered this question to be expunged from the record, that the defendant's counsel asked the court to permit the withdrawal of a juror, and to order a mistrial on the ground that, as he stated it, counsel for the plaintiff had improperly brought before the jury and interjected into the case the fact that the defendant company was insured against accidents such as the plaintiff was suing for. This request was refused by the court under exception by defendant.

The plaintiff's counsel then put the following question to the witness: "*Q.* Who was it you refused to allow to examine your father on this occasion?" The defendant objected to this question, and the court allowed it against exception. The answer was: "*A.* Why a man come to me and said he was an adjuster for the Ocean Accident Insurance Company." The court, at once, and before objection taken, ordered this answer to be stricken out. The defendant's counsel then renewed his motion for a mistrial upon the same ground as before. This motion was also denied by the court.

The witness then proceeded to finish his original answer, and said, "I did not stop any physician." Plaintiff's counsel then asked:

"*Q.* When you said to Mr. H. that you refused to allow a physician, you did not mean that?

"*A.* I did not finish my answer; Mr. H. interrupted me before I finished my answer; I said 'I did—' and he interrupted me.

"*Q.* What were you going to say?

"*A.* I was going to say I did *not* refuse *any doctor.*"

It thus appears that the questions which the court finally permitted to remain in the proofs was the perfectly proper

inquiry directed toward the identification of the person the witness refused to allow to examine his father. The court's misconception of the meaning of the witness when interrupted by defendant's counsel was thus at last corrected. The court at this point remarked to the witness: "The question is *what* physician you refused to allow to examine your father?" Unless the court had permitted the witness to answer this question, he would have been placed in the false position of having refused to allow a physician to examine his father when, in fact, the only person he did refuse said he was an adjuster for some insurance company.

This recapitulation of the trial proceedings, as they occurred, is persuasive that the court scrupulously excluded from the trial record every attempt (if any were made), on the part of the plaintiff, to introduce in the evidence before the jury any reference whatever to the defendant's alleged insurance.

It is apparent that the judge did not fail to exercise at least a reasonable degree of care and watchfulness in keeping and eliminating from the testimony all allusion, either by plaintiff's counsel or witness, to the defendant's insurance against accident. To have granted defendant's motion for a mistrial and thus to have vitiated and rendered abortive this long and important trial, would have been, in our opinion, an unwarranted exercise of judicial power under the circumstances.

It is held that it was within the discretion vested in the trial judge to admit a class of evidence having only a remote bearing upon the issues in the cause, unless it clearly appeared that injury might be done by the admission. *Lackenauer* v. *Lyon & Sons' Co.*, 67 *N. J. L.* 677; *Day* v. *Donohue*, 62 *Id.* 380; *Schenck* v. *Griffin*, 38 *Id.* 463.

The refusal of the trial judge to order a mistrial rested, we think, in his discretion, and was not assignable for error.

After examination of the whole record we find no error which injuriously affected the substantial rights of the defendant, and the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH,
BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ.    12.

*For reversal*—None.