JOHN HURLEY AND ESTHER McNICHOLS, PLAINTIFFS,
v. MICHAEL STERNICK, DEFENDANT.

Decided October 19, 1925.

Negligence—Injury to Team, to Load and to Person, by. Collision With Motor Truck—Identity of Truck Questioned, But Verdict Held Not Against Weight of Evidence—No Material Question Raised Regarding Time of Accident—Verdict Not Excessive.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiffs, *Armstrong & Mullen.*

For the defendant, *Kalisch & Kalisch.*

PER CURIAM.

This is an action for negligence happening on Communipaw avenue, in Jersey City, in the early morning of June 28th, 1923.

The plaintiff Hurley was driving a team drawing a hay wagon containing a mower and rake, and was run into from the rear by an auto truck claimed to be owned by the defendant.

One of the horses was injured and made useless. The wagon, rake and mover were damaged beyond repair. Hurley received personal injuries and so also did his helper, the other plaintiff, McNichols.

The verdict for Hurley is $1,000 and for McNichols $100.

Defendant has a rule to show cause, and urges three reasons:

1. That the verdict is against the weight of the evidence. The principal point is that the only evidence of ownership of

the motor truck was the license No. X13615. This number was given by plaintiff Hurley to his attorney, and the latter telephoned the defendant, asking him if he was the owner of such a licensed truck. Defendant testified he sent his son to his garage to ascertain whether he had a truck with such a license number, and the son, upon returning, advised defendant that such was the license number of his truck.

We cannot say from this that the verdict was against the weight of the evidence.

There also seems to be some point raised as to whether the happening was June 27th, 28th or 29th.

This seems to arise from the fact that it happened after midnight and because of the manner of keeping the police blotter from six P. M. to six A. M. of each day. We think it was shown that the happening was in the early morning of June 28th, 1923, and the verdict is not against the weight of the evidence in this particular.

2. That the verdict was contrary to law. Under this it is urged that there was error in the trial judge permitting the plaintiff to question jurors as to their interest in insurance companies. *Bannach* v. *Liebman,* 119 *Atl. Rep.* 629; *Heiler* v. *Goodman,* 92 *N. J. L.* 415; *Bradley* v. *Cleary,* 86 *Id.* 338.

Directions of mistrial are discretionary with the trial judge.

3. That the verdict is excessive.

The testimony shows a loss from damage to personal property alone amounting to $570. We do not think that, under these circumstances, a verdict for $1,000, including these or some of these items, and compensation for pain and suffering and disability is excessive.

The rule to show cause is discharged, with costs.