59 N.J. Super. 363 (1960)
157 A.2d 836
HARRY RUNNACLES AND LOUISE RUNNACLES, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
GRACE DODDRELL AND KENNETH S. DODDRELL, HER HUSBAND, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1960.
Decided February 1, 1960.
*364 Before Judges GAULKIN, SULLIVAN and FOLEY.
Mr. Joseph E. Connolly argued the cause for defendants-appellants (Messrs. Marley, Winkelried & Hillis, attorneys).
Mr. William Ward Wimmer argued the cause for plaintiffs-respondents.
The opinion of the court was delivered by FOLEY, J.A.D.
Appeal is taken by defendants from an adverse jury verdict entered in the Law Division.
*365 Both plaintiffs suffered personal injuries when the vehicle owned and operated by Harry Runnacles was in collision with the Doddrell car. The limited scope of the appeal makes it unnecessary for us to recite the facts in detail.
The first point made by appellants is that the court erred in denying a motion for mistrial after mention by a witness of the words "insurance company." It appears that James Wilson when called as a witness by the defendants testified that he had reported the accident to the police by telephone. He also testified to facts concerning the operation of plaintiffs' car shortly before the accident from which the jury might have inferred that the driver was negligent. On cross-examination he was asked whether he had reported these facts to the police during the telephone conversation; he replied that he had not. The following then took place:
"Q. As a matter of fact, you never told the police up to this very day about the happening by the dumps, about the car pulling out in front of you, the green Packard, did you?
A. I told Chief Geffken.
Q. When did you tell him? Now, isn't it a fact 
Mr. Connolly: Let him answer, you have asked him a question.
Q. When did you tell him?
A. It was sometime after the accident.
Q. Isn't it a fact that it was only within the past several weeks that the Chief found out that you had this information that you speak of?
A. What was that?
Q. Isn't it a fact that the Chief only found out within the past few weeks about this information that you are supposed to have?
A. I don't believe so; I believe I didn't make a formal report of this at the police station because it wasn't required at that time.
Q. I see. As a matter of fact, you never made a formal report, did you?
A. To the insurance company.
Q. To the insurance company. Now, you never made a formal report to the police, did you?
A. By phone and they said they would contact me if they wanted anything more.
Q. But you never signed a report for the police?
A. I never signed a report for the police." (Emphasis added.)
*366 Counsel for the defendants entered no objection to the underscored portions of the examination nor did he seek to have them stricken or to have the jury instructed to disregard them. However, after the witness had stepped down and a brief recess had been taken, counsel out of the presence of the jury moved as follows:
"Mr. Connolly: The defendant respectfully moves for mistrial on the ground that there was mention of the word insurance in the cross examination of a witness by Mr. Wimmer.
The defendant feels as though his position in this case is prejudiced thereby."
And the Court ruled:
"Well, the Court denies this motion due to the fact that it was not one of the parties, and it was mentioned rather casually and without trying to influence the Court or anybody else."
Preliminarily, it is settled that the ruling on a motion for mistrial is discretionary with the trial judge and, unless such discretion is abused, it will not be disturbed. Bradley v. D.E. Cleary Co., 86 N.J.L. 338 (E. & A. 1914); Hansson v. Catalytic Construction Co., 43 N.J. Super. 23 (App. Div. 1956); Hurley v. Sternick, 3 N.J. Misc. 1048 (Sup. Ct. 1925).
In jurisdictions where the precise question has been raised it has been held that a mistrial may not properly be granted where the challenged utterances do not tend to establish that the defendant was covered by insurance any more than they tend to establish that the plaintiff was insured, Annotation, 4 A.L.R.2d 761, 819 (1949). Typical of this rule is Jimmie Guest Motor Co. v. Olcott, 26 S.W.2d 373 (Tex. Civ. App. 1930) where it was held that a response to a question which disclosed that a statement had been made to an insurance company's adjustor was not prejudicial because the remark supplied no connection between the adjustor and the controversy under consideration, and because there was no indication that it referred to the appellant as *367 the person covered by the insurance. Accord Siratt v. Worth Constr. Co., 263 S.W.2d 842 (Tex. Civ. App. 1953). Likewise in Crawford v. Alexander, 259 S.W.2d 476 (Ky. Ct. App. 1953) the Kentucky court held that an accidental reference to insurance was not prejudicial error when the jury was instructed to disregard it and where the remark could have referred as well to an accident insurance adjustor as to an automobile indemnity insurance representative. See Huling v. Finn, 67 R.I. 369, 24 A.2d 620 (1942).
Since there were two automobiles involved in the occurrence from which this action arose and since the unwitting remark of the witness, unsolicited by the cross-examiner, could have had reference to the "insurance company" of either party the denial of the motion for mistrial could be sustained on the sound rationale of the cited cases.
However, we prefer to rest our decision on broader grounds. The exercise of judicial discretion in ruling on a motion for mistrial involves the appraisal by the trial court of the probable effect of the objectionable utterance on a fair trial. It is undesirable that a trial be aborted and that the parties be required to incur the expense attendant upon retrial. By the same token expedition should not be served at the expense of crippling the cause of one party or the other by permitting the intrusion of evidence which will serve to confuse the jury or cause it to reach its verdict by emotion rather than by reason.
But the exercise of the discretionary power to grant or deny a mistrial, merely because the fact that defendant is insured is revealed, should be guided by a consideration of the probable effect of such showing on jurors of the present day, in the light of the experience which they bring with them to the jury box. In these days the juror who is neither automobile owner or operator is a rarity. All who obtain registration of their vehicles know that they must either carry liability insurance or contribute to the unsatisfied judgments fund. And it seems likely that if they do think of it, jurors assume in every automobile case that some *368 financial responsibility exists over and above defendant's ability to satisfy a judgment. This fact has been noted by Professor McCormick who says:
"Under the pressure of the enactment of more and more stringent financial responsibility laws, the practice of securing insurance protection against liability is rapidly becoming almost universal. In 1950 in seven states and the District of Columbia 90% or more of the vehicles were insured. In the same year throughout the country 73% were insured. When the rule against the disclosure of insurance originated doubtless the existence of such protection for defendants was exceptional and a `hush, hush' policy could be effective. But when we consider the ways in which the fact of insurance may be properly disclosed in evidence or suggested at the beginning of the trial upon the examination of jurors, and the fact that insurance has become usual rather than exceptional, it seems likely today that in nearly all cases the jury will either be informed of the fact of insurance or will consciously assume that the defendant is so protected. The rule against the introduction of evidence of insurance thus becomes a hollow shell, except as it incidentally protects the defendant against improper argument that the jury should be influenced in their finding of liability or damages by the fact of insurance." McCormick, Evidence, § 168, at p. 357 (1954).
The decline of the supposed risk of prejudice arising from the disclosure of insurance coverage has also been noted in cases of other jurisdictions. In Odegard v. Connolly, 211 Minn. 342, 1 N.W.2d 137 (Sup. Ct. 1941) it was said:
"We think too much is made of the fact that parties to an automobile collision carry insurance. It is safe to assert that the majority of every jury, called to try such a case in the Twin Cities, comes from families owning cars carrying liability insurance. Every person fit to be a juror knows that none but the wholly irresponsible and reckless fail to carry liability insurance on the car they own or drive. Owners of cars for the protection of their families and guest passengers carry such insurance. So long as the insurance is not featured or made the basis at the trial for an appeal to increase or decrease the damages, the information would seem to be without prejudice." 1 N.W.2d, at page 139.
Likewise, in Takoma Park Bank Inc. v. Abbott, 179 Md. 249, 19 A.2d 169 (Ct. App. 1941), the Maryland court in deciding that evidence indicating that the appellant bank was insured was not prejudicial said:
*369 "Moreover, in view of the presumptive knowledge on the part of present day jurors that public liability insurance is required to be carried by persons engaged in certain lines of endeavor, as well as the knowledge on the part of jurors that persons of business prudence and discretion often carry such insurance, the present day tendency is toward the relaxation of the strictness of the rule first announced." 19 A.2d, at page 176.
See Connelly v. Nolte, 237 Iowa 114, 21 N.W.2d 311, 320 (Sup. Ct. 1946). We are in accord with these views. We believe that a mistrial should be ordered only when the court in the realistic exercise of its sound discretion concludes that in the special circumstances of the case a party thereto is likely to have suffered prejudice by the mention of insurance. The mere inadvertent mention of insurance seldom meets this test and in our opinion did not in the case under review.
Appellants cite Panko v. Flintkote Co., 7 N.J. 55 (1951), and Botta v. Brunner, 26 N.J. 82 (1958) in support of their argument. Factually neither is apposite. Moreover our holding is in consonance with the broad principle for which they stand, namely that it is error to permit the intrusion of irregular matter which plainly has the capacity for influencing a jury to arrive at its verdict in a manner inconsistent with the legal proofs and the court's charge. We hold only that in ruling on a motion for mistrial the trial judge is unhampered by a concept that the mention of insurance ipso facto has this effect. We find no error in the denial of the motion.
Appellants also challenge 13 portions of the court's charge describing them as "misleading, confusing, erroneous, obscure and lacking in clarity." Admittedly no objection was made at the trial to the parts of the charge now criticized as is required by R.R. 3:7-7, and we decline to consider the point. In this connection we observe that "the statement of questions involved" as set forth in appellants' brief fails to note that these contentions were not argued below. Such notation is a requirement which is "considered in the highest degree mandatory, admitting of no exception." R.R. 1:7-1(c).
Affirmed.