273 N.J. Super. 1 (1994)
640 A.2d 1173
CHERYL PICKETT, PLAINTIFF-APPELLANT,
v.
PHILIP BEVACQUA AND FRANK BEVACQUA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 21, 1994.
Decided May 2, 1994.
*2 Before Judges MUIR, Jr., THOMAS,[1] and LEVY.
Sander Perl argued the cause for appellant (Goldstein, Ballen, O'Rourke & Wildstein, attorneys).
William A. Wenzel argued the cause for respondents (Haggerty, Donohue & Monaghan, attorneys).
The opinion of the court was delivered by MUIR, JR., J.A.D.
*3 This is a verbal threshold case. After the trial court twice directed the jury to return to deliberations in efforts to avoid a "hopeless" deadlock on the verbal threshold issue, the jury returned a unanimous verdict finding defendant 80% negligent, but five of six jurors rejected plaintiff's verbal threshold claim on the ground the medical testimony did not establish "objective findings" "of personal injury."
The ensuing judgment awarded plaintiff 80% of stipulated economic losses and dismissed her claim of entitlement to damages for category 8 and category 9 type injuries under N.J.S.A. 39:6A-8a. On appeal from the rejection of her noneconomic injury claims, plaintiff finds error in the trial court's refusal to grant a mistrial after defense counsel's opening introduced plaintiff's election of "the benefits of lower premiums" of verbal threshold insurance coverage as an issue for jury consideration. Plaintiff also contends the trial court erred when it instructed the jury that plaintiff had to prove her claim of injury by objective credible medical evidence. Plaintiff argues the objective credible medical injury is the summary judgment decision standard as required by Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1990), while preponderance of the evidence is the jury decision standard. We reject that latter contention. However, because we are satisfied the "benefits of lower premiums" is not and should not be an issue presented to a jury in a verbal threshold case and because the trial court failed to instruct the jury it should totally disregard the defense's effort to inject the issue into the trial, we reverse and remand for a new trial.
Inappropriate efforts of counsel to make the jury aware of irrelevant and prejudicial facts surrounding insurance coverage have long been criticized by our courts. See Brandimarte v. Green, 37 N.J. 557, 563, 182 A.2d 562 (1962); Haid v. Loderstedt, 45 N.J. Super. 547, 550-52, 133 A.2d 655 (App.Div. 1957); Hansson v. Catalytic Constr. Co., 43 N.J. Super. 23, 30, 127 A.2d 431 (App.Div. 1956). While today's mandatory automobile insurance *4 requirements make facts concerning insurance coverage less consequential where coverage exists, any effort to introduce facts about insurance coverage where the issue has no relevancy to the proceedings is still generally impermissible.
However, every inappropriate, impermissible reference to insurance coverage in a liability action is not necessarily grounds for a mistrial. See Tomeo v. Northern Valley Swim Club, 201 N.J. Super. 416, 421, 493 A.2d 544 (App.Div. 1985); Runnacles v. Doddrell, 59 N.J. Super. 363, 367-69, 157 A.2d 836 (App.Div. 1960); Hansson v. Catalytic Constr. Co., supra, 43 N.J. Super. at 30, 127 A.2d 431. Resolution of the claim of mistrial depends on the circumstances surrounding the insurance reference and "the impression of the attendant disadvantage visited upon the" plaintiff. See Haid v. Loderstedt, supra, 45 N.J. Super. at 550, 133 A.2d 655. Moreover, resolution by an appellate court must be considered in the context of the discretion afforded a trial court on mistrial motions. See Wright v. Bernstein, 23 N.J. 284, 296, 129 A.2d 19 (1957).
Defense counsel first made comments on the verbal threshold coverage economic benefits to plaintiff in his opening to the jury. There he stated:
In this lawsuit, we've got one additional issue that we're going to ask you to look into, and that's the verbal threshold issue. I don't know if any of you heard of it, it's been in the news quite a bit recently. Basically, that's a provision of your automobile insurance policy that by choosing the verbal threshold, you get a reduction in your premiums, and as consideration for the reduction in your premiums, you're limited to a certain extent in the lawsuits that you can file. You can always file a lawsuit; the issue is whether or not you're entitled to recover. And, basically, the law has set out certain injuries  certain types of injuries that you're then going to recover for when you've chosen verbal threshold. Like I said, by choosing that option, you've given yourself a lower premium for your automobile insurance. Miss Pickett has the verbal threshold. Therefore, it's our contention that she had the choice, she chose to have the verbal threshold, receive the benefit of lower insurance premiums, was involved in an accident, may have sustained some injuries. Our position is, that the injuries that she received were not within the contemplation of the statute entitling her to recover in this situation. You may very well be asked to consider those issues. The Judge will instruct you at the conclusion of the case exactly what the verbal threshold means and in more detail, the types of injuries and the types of evidence that you have to look for during the trial.
*5 The trial court denied plaintiff's mistrial motion and gave no curative instruction that the jury disregard defense counsel's injection of the issue into the trial. In his summation, counsel continued his emphasis on the issue:
And I went into a little bit about what that verbal threshold means in my opening. Specifically, the Legislature in this state in response to increasing, increasing insurance premiums created a law, and our laws are in the books like this. And the verbal threshold law that exists in that book says that in exchange for insurance policyholders paying less liability insurance for their cars, they're going to give up the right to recover for certain types of injuries that they may sustain. Those injuries are enumerated  types of injuries are enumerated in the statute and the Judge will instruct you as to the type of injury that we're talking about here and the reference made to that.
Aside from the fact the latter part of the summation is confusing and inaccurate, a fair reading of defense counsel's statements demonstrates a design to induce the jury to consider plaintiff's election to have lower cost verbal threshold coverage as an element of plaintiff's right to recover. That design combined with the trial court's failure to give a curative instruction, timely or otherwise, leads us to conclude, under the circumstances, that both a mistaken exercise of trial court discretion and a clear and unequivocal manifest denial of justice occurred. See Wright v. Bernstein, supra, 23 N.J. at 296, 129 A.2d 19.
Defense counsel's reference to low cost benefits of verbal threshold coverage was totally inappropriate. The statements bore no relevance to the issues before the jury. The clear and prejudicial purpose was to induce the jury into believing that such low cost benefits were an element of plaintiff's right to recover  a completely irrelevant and improper purpose and one that could have significantly influenced the jury. The trial court's failure to give any curative instruction compounded the prejudice. Consequently, given the jury's substantial difficulty at deciding the verbal threshold issue, we are satisfied the "impression of attendant disadvantage" that inured to plaintiff was sufficiently great so as to require reversal and remand for a new trial. See Greenberg v. Stanley, 30 N.J. 485, 503, 153 A.2d 833 (1959).
*6 To avoid such improprieties in the future, all such references should be precluded. At the outset of any jury trial on issues under the provision of N.J.S.A. 39:6A-8a, the trial court should instruct defense counsel to avoid any reference to the reasons a plaintiff may have had in electing verbal threshold coverage.
We turn now to the jury instruction issue. Plaintiff argues the objective credible medical evidence standard applies only to the summary judgment circumstance of Oswin. Plaintiff misreads Oswin. While Oswin dealt with trial court resolution of summary judgments in verbal threshold cases, it makes clear that objective credible evidence of injury presented by a medical expert is plaintiff's burden of proof before a jury. On summary judgment, the trial court is concerned only with the existence of objective credible evidence which, if later believed by a jury, would entitle plaintiff to a verbal threshold recovery. See id. at 294, 319-20, 322, 609 A.2d 415. See also Model Jury Charge 5.41, which calls for the objective credible medical evidence assessment by the jury.
Reversed and remanded for a new trial consonant with this opinion.
NOTES
[1] Judge Thomas did not participate in oral argument. However, the parties consented to his participation in the decision.