282 N.J. Super. 50 (1995)
659 A.2d 495
PAULA AMOROSO DEMERS AND GEORGE DEMERS, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
FRANK A. SNYDER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 16, 1994.
Decided June 9, 1995.
*52 Before Judges KING, D'ANNUNZIO and EICHEN.
Bruce O. Matthews argued the cause for appellants (Mr. Matthews, on the brief).
Stephen J. Spudic argued the cause for respondent (Britt, Riehl, Spudic & Ball, P.C., attorneys; Mr. Spudic, on the brief).
The opinion of the court was delivered by EICHEN, J.S.C. (temporarily assigned).
In this verbal threshold personal injury negligence action, plaintiff appeals from an adverse judgment entered on a jury verdict determining that her injuries had not satisfied the verbal threshold statute, N.J.S.A. 39:6A-8a. After defendant admitted liability for the accident, the case was submitted to the jury. Plaintiff had to persuade the jury that she was entitled to damages for non-economic loss. Under the statute, a negligent defendant is exempted from tort liability for non-economic loss to a *53 person who is subject to the verbal threshold, unless that person has sustained a personal injury falling within one of nine defined injury types. N.J.S.A. 39:6A-8a. Here, the case was submitted to the jury on injury types seven and eight. As such, the jury was asked to consider whether plaintiff had met her burden of proving by objective medical evidence that she had sustained a "significant limitation of use of a body function or system" or a "permanent consequential limitation of use of a body organ or member" and, if so, whether those injuries have had a serious impact on plaintiff's life. Ibid.
This is a typical soft-tissue injury case. The record reflects that plaintiff's evidence at trial presented a close case as to whether the verbal threshold requirements were satisfied. The jury returned a verdict of no cause of action under the verbal threshold statute. Plaintiff moved for a new trial on the ground that the judge erred in refusing to grant her motion for a mistrial based on defense counsel's inflammatory comments during summation concerning the automobile insurance crisis. The judge denied the motion. On appeal, as below, plaintiff claims the comments prejudiced the jury's proper consideration of the issues and relevant evidence in the case, which was responsible for the adverse verdict. We agree and reverse.
Defense counsel went beyond the proper scope of permissible argument. During summation, defense counsel stated:
Let me start off by saying that if there's anyone who thinks that they don't pay enough money for car insurance or if there's anyone who thinks that the legal system deals with these soft tissue type cases in a perfect way and the legal system should not be changed or reformed regarding the way that these soft tissue cases are dealt with, then please ignore everything I have to say.
However, if you folks think that maybe you do pay too much for car insurance and you'd like to see the rates go down and you'd like a chance to 
Plaintiff objected and moved for a mistrial which was denied. The judge then gave the following precautionary instruction:
Ladies and gentlemen, sometimes an attorney, in some... part of a case, approaches a matter in what the Court feels is not an issue in the case. Let me say this: In a good percentage of cases involving automobiles, insurance is involved. I think that's a fact of life, you all know that. And this is  normally, it's *54 not mentioned at all in a case, but in this case it is discussed because of that verbal threshold that we were talking about in the beginning of the case.
But, if the consideration is that if you want to see your insurance go down you approach the case one way and if you don't care if it goes up, you approach the case another way, is inappropriate.... If a person is entitled to be compensated for their injuries, because of someone's fault, they're entitled to be compensated for their injuries. If they're not, they're not.
Now, normally, they're not compensated for their injuries, perhaps, because the accident may have been their fault. But, this new wrinkle in the law is that they're not entitled to be compensated if they purchase a certain type of policy which sets up this verbal threshold and they haven't met it because they have chosen this policy rather than one that doesn't have the verbal threshold. So, they made the choice. By making that choice, they are then subject to that threshold.
So, I caution you to listen to the law as to what standards have to be met by the plaintiff in proving their case. But, as to its effect on insurance, that really is absolutely no part of the case because, as I say, I'm saying once more, if the test is met, then a person is entitled to be compensated. If it's not met, they're [not] entitled to be compensated.
Notwithstanding the judge's instruction, defense counsel continued to emphasize the issue of insurance in his summation, specifically the fact that plaintiff's selection of "verbal threshold" insurance coverage had reduced her premiums in return for a limitation on her right to sue.
The issue to be decided in this case is whether or not the plaintiff satisfied the requirements under the verbal threshold. There's no question but that the plaintiff had the verbal threshold. There's an option. You can choose zero or the verbal. The plaintiff chose the verbal. That was her choice. If she had chosen the zero, it's my position that this case would have never come as far as it did. However, she chose the verbal and I don't think it's any secret that the zero threshold, if you choose to purchase that kind of policy, costs more than the verbal.

... The legislature and the Governor decided that the system was not working, that insurance and the legal system and the way we dealt with these type of cases needed to be reformed and that's why this new type law was put into effect.
Normally, in these type cases I wouldn't be allowed and nobody mentions insurance. You don't do it. But here, the issue to be decided is whether or not the plaintiff satisfied the verbal threshold requirement and that's the question that you have to decide. And think about it this way: What about the people that went out and purchased the policy that contains the zero threshold rather than the verbal?

When you decide whether or not the plaintiff here suffered the type of injury that allows her to get over the hurdle, so to speak, to bring this type of case, think about those people that have a policy that has the zero threshold. Think about whether or not it's fair to those people who pay more whether or not those people that pay more didn't want their rights to sue limited, ...

*55 If all you have to do is go out and you can get the verbal threshold, you can pay less money, and you can still sue, even if you have soft tissue type injuries if you simply study the statute and figure out the loopholes on how to get around it. (emphasis added)
In addition to his remarks during summation, defense counsel also made similar comments in his opening statement and during cross-examination of plaintiff and her expert. In defendant's opening, counsel said:

[W]hen you purchase this verbal threshold, when you go out and get car insurance you have an option. You either pay more money and get the zero threshold or the no threshold or you pay less money and you get the verbal threshold. You make a choice. You choose to pay less money, you give up certain rights. Here, it's not disputed that the plaintiff chose the verbal threshold. She chose to pay less money. She chose to give up certain rights. One of those rights is that you have to fit in to a certain category or certain categories....
* * * * * * * *
[T]here is no objective proof that anybody can point to that shows that Mrs. DeMers sustained any permanent injury or that she's going to have a lasting problem as it relates to this accident, which would get her over that hump, so to speak, that would allow her to collect, being that she chose to pay less money, she chose to give up certain rights.
Now, I didn't enact this law. This was a law of the Legislature and for whatever reason they put this law into effect. People are now given a choice and Mrs. DeMers made her choice and now, unfortunately or fortunately, there are certain  you make choices in life and you have to live with the consequences. (emphasis added)
On cross-examination, defense counsel said to plaintiff that "there's been a lot of talk here about the verbal threshold" and then asked plaintiff whether she knew what the verbal threshold was. Plaintiff answered that she did. Defendant then said to plaintiff: "You know that being insured under a policy that contains the verbal threshold, there are certain hurdles that you have to get over before you can receive a monetary award from a jury; correct?" Plaintiff answered: "Correct." Defendant also cross-examined plaintiff's expert, Dr. Guariglia, by asking: "You know what the verbal threshold is, the purpose of the verbal threshold, isn't it to cut down on the number of lawsuits?" Dr. Guariglia answered, "[y]es."
*56 On the motion for a new trial, defense counsel argued his comments did not prejudice the jury because, arguably, the jurors already understood the effect of choosing verbal threshold insurance coverage from having read or watched local news coverage of the issue or from having reviewed the insurance brochures accompanying their automobile insurance policies. Defense counsel concluded his argument that:
if [plaintiff's attorney's] arguments were correct, then we would have to believe that anyone sitting on a jury on any of these cases would be living in some type of a bubble or incubator where they wouldn't know about the problems with the insurance system in this state and the problems as to why this verbal threshold law was put into effect.
Defendant contends that he was free to argue the issue of insurance because plaintiff's counsel also mentioned the policy behind the verbal threshold law and plaintiff's motives for purchasing verbal threshold coverage.
The record discloses plaintiff's counsel made brief reference to the verbal threshold law in his opening remarks to the jury. He did not, however, mention insurance. On summation, his comments were more extensive referring, as defense counsel had, to plaintiff's insurance, obviously to mitigate the prejudice caused by his adversary's allusions to insurance throughout the trial. He stated:
[t]he intention of the law was never to give up the right to sue for these type [the nine categories] of injuries. The intention of the law was to give up the right to sue for the slight or mild injuries, just as the statute  just as the language in the charge and the law that the Judge is going to give you says. The intention of the statute was to eliminate the soft tissue injuries that do clear up in three months, that go away, that leave people without problems, that don't affect their lives. And, it's true, Paula gave up some rights by taking the verbal threshold. She saved $150 and she gave up the right to sue for minor, inconsequential, slight, mild soft tissue injuries that had no impact on her life. That's what she gave up the right to sue for for her $150 savings. She did not give up the right to sue and be compensated for injuries that are going to affect her for the rest of her life. (emphasis added)
The judge denied the motion for a new trial, ruling that it was proper to tell the jury the verbal threshold is an insurance policy provision. What the judge found to be improper was placing the jurors in a position that, in essence, required them to decide the *57 case based on whether they "wanted the[ir] insurance rates to go up [or down]."
The judge concluded by stating:
I find there was error in the summation, [it] was in personalizing it with the jury, and I believe I did correct it....
So, I find that, although there was error, that it was corrected by the Court and having listened to the whole case, the nature and type of injury involved, I find that it was well within the realm of the jury's discretion to find that it didn't meet the verbal threshold. And, therefore, I am going to deny the motion.
We conclude the judge's view of counsel's improprieties was too narrowly conceived. The comments by defense counsel in addressing the jury as well as the questioning of plaintiff and her expert on cross-examination concerning the verbal threshold insurance option and its ramifications far exceeded the bounds of proper jury comment, argument and cross-examination. Argument concerning the origin of the verbal threshold statute (i.e., to keep insurance costs down), the purpose of the enactment and the financial or economic reasons why plaintiff may have purchased insurance with the verbal threshold option are not relevant jury issues. Pickett v. Bevacqua, 273 N.J. Super. 1, 640 A.2d 1173 (App.Div. 1994).
In Pickett, this court determined that "reference to low cost benefits of verbal threshold coverage [is] totally inappropriate." Id. at 5, 640 A.2d 1173. Thus, we concluded that "[t]he clear and prejudicial purpose [of comments of this nature] was to induce the jury into believing that such low cost benefits were an element of plaintiff's right to recover  a completely irrelevant and improper purpose and one that could have significantly influenced the jury." Ibid. We noted further the potential for prejudice is especially strong when there are difficult factual questions for the jury to resolve concerning the verbal threshold issue. Ibid.; Cf. Tabor v. O'Grady, 59 N.J. Super. 330, 341, 157 A.2d 701 (App.Div. 1960). In Pickett, supra, we also observed the impropriety of alluding to irrelevant and prejudicial facts concerning insurance coverage. 273 N.J. Super. at 3-4, 640 A.2d 1173. Although in Pickett, a reversal was necessitated, in part, because of the *58 absence of any curative instructions to the jury, in this case the judge's instructions were inadequate to cure the prejudice. As we observed in Tomeo v. Northern Valley Swim Club, 201 N.J. Super. 416, 493 A.2d 544 (App.Div. 1985), curative instructions are not always palliative or sufficient to mitigate the damage caused by improper comment. Id. at 421, 493 A.2d 544.
We conclude, despite the curative instruction, defense counsel's continued commentary to the jury to the effect that plaintiff elected a cheaper rate and thereby gave up her right to sue had a clear capacity to unfairly affect the outcome of the case. R. 2:10-2. These inappropriate externalities intruded on the jury's ability to discharge its function. Counsel's constant insinuations had the capacity to cause the jurors to focus on the high costs of their own insurance and the economic motive of plaintiff's "trade-off" of her right to sue for a cheaper insurance rate rather than on whether plaintiff's injuries met the required injury types under the verbal threshold law.
In fact, we are convinced there was no purpose or need to even mention the verbal threshold insurance option to the jury. In Pickett, we cautioned against making reference to the reason a plaintiff may have had in electing verbal threshold insurance coverage. Id. at 6, 640 A.2d 1173. We now hold it is beyond the scope of proper comment to mention verbal threshold insurance coverage at all. The fact that plaintiff had an insurance policy with a verbal threshold requirement compelling her to prove her injuries qualified under N.J.S.A. 39:6A-8a does not compel the conclusion the jury must be made aware of that requirement. In fact, that plaintiff has such insurance coverage is irrelevant in a verbal threshold case. Plaintiff must prove her injuries qualify under the verbal threshold law. N.J.S.A. 39:6A-8a. The judge should explain to the jury that plaintiff has the burden of establishing that she qualifies under one of the injury types set forth in the verbal threshold law passed by the Legislature before she may recover against defendant, and that, as such, she must meet the *59 verbal threshold law requirements. See Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992).
There is no reason, except to prejudice a plaintiff in a verbal threshold case, to mention the fact that because of plaintiff's election of the verbal threshold option under her insurance policy, she lost her right to sue in court unless she establishes that she fits within one of the types of injuries listed in the law. The fact that the tort option provisions of N.J.S.A. 39:6A-8a mandatorily apply to automobile insurance policies issued or renewed in this state does not mean the jury must be instructed concerning the restrictions on the insured's right to sue resulting from the insured's verbal threshold election. Such instructions will only confuse the jury and divert its attention from its proper function of determining whether a plaintiff has demonstrated by objective medical evidence a significant or permanent limitation of the use of a body function, system, organ or member as the result of an automobile accident which has seriously impaired the quality of life. Oswin v. Shaw, supra, 129 N.J. at 318-19, 609 A.2d 415.
Reversed and remanded for a new trial.